UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS GONZALEZ-BOLANOS,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04157-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR HABEAS CORPUS |

This matter comes before the Court on Petitioner Luis Gonzalez-Bolanos' petition for writ of habeas corpus. Dkt. No. 4. For the reasons set forth below, the Court grants the petition in part and denies it in part.[1]

## I. BACKGROUND

Petitioner is a citizen of El Salvador. Dkt. No. 4 at 2. He entered the United States without inspection at an unknown location in 2009. *Id.* at 8. He was arrested by Immigration and Customs Enforcement ("ICE") Officers in March 2025 and was served with a Notice to Appear charging him as removable under Section 216(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen present in the United States without being admitted or paroled. Dkt. No. 4-1 at 12,

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009).

21. Prior to his detention at the Northwest ICE Processing Center ("NWIPC"), Petitioner resided in the United States for over 17 years and worked in the roofing industry for over 10 years. Dkt. No. 4 at 8. He supports his family of seven, including his two U.S. citizen children. *Id.* Petitioner avers that he has no criminal history. *Id.* at 8, 12.

On February 13, 2026, Petitioner appeared for a bond hearing before Immigration Judge ("IJ") Tammy Fitting. Dkt. No. 4-1 at 12. Judge Fitting denied bond for lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), concluding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and alternatively found that Petitioner was both a flight risk and a danger to the community. *Id.* at 9. She issued a Bond Memorandum dated February 26, 2026, which explains the factors she considered in making her flight risk and danger findings. Dkt. No. 4-1 at 12–14. She noted that the Department of Homeland Security ("DHS") presented evidence at the bond hearing that "there are an arrest warrant, fugitive profile, and record of gang affiliation in El Salvador" and "the government of El Salvador notified the DHS that [Petitioner] is wanted for homicide pursuant to an active Red Notice." *Id.* at 13. Judge Fitting further states that Petitioner "left El Salvador in March of 2009, approximately seven months after issuance of the arrest warrant on August 7, 2008," and "[t]he evidence implies [Petitioner]'s crime was gang related." *Id.* at 14. Judge Fitting found "the DHS's evidence sufficient to support the finding of probable cause . . . that [Petitioner] committed the crime for which the arrest warrant has been issued" and found that Petitioner "is a danger given his criminal history and gang involvement" and that "he is a flight risk." *Id.* At the hearing, Petitioner contended that DHS's evidence was "not credible or reliable," but Judge Fitting found that the evidence was reliable because the arrest warrant "identifies [Petitioner] and his parents by name" and Petitioner "acknowledged the accuracy of this information." *Id.* at 13.

Petitioner filed his petition for habeas corpus on October 26, 2026. *Id.* Respondents[2] filed a "Statement of Non-Opposition" on November 13, 2026. Dkt. No. 7.

## II. DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

As described in this Court's order in *Segura Serrano v. Scott*, No. 2:26-CV-01268-LK, 2026 WL 1674357, at *5–7 (W.D. Wash. May 26, 2026), certain process is due to noncitizens like Petitioner (who is detained under Section 1226(a)) in bond proceedings. Petitioner alleges that Respondents violated (1) his right to a bond hearing under *Rodriguez Vazquez*, (2) the legal standards governing bond proceedings, and (3) his due process rights under the Fifth Amendment. Dkt. No. 4 at 5–6, 14–21. He challenges Judge Fitting's bond denial because she "wrongfully found that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and because the denial was "baseless." *Id.* at 2. He contends that at the bond hearing, Judge Fitting "did not permit full argument or address favorable documentary evidence," such as "overwhelming evidence of Petitioner's long presence in this country, family ties, and other evidence attesting to his character." *Id.* at 3. He also argues that Judge Fitting's Bond Memorandum is a "[p]ost-hoc reconstruction" that is insufficient to satisfy due process because the reasoning was not provided

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

"contemporaneously with the hearing"; instead, at the hearing, Judge Fitting "referr[ed] only to the purported warrant in [the] Red Notice" to deny bond. *Id.* at 3–4, 9, 13–14, 19. According to Petitioner, "[n]o evidence was presented to support the Red Notice," and in fact, his own exhibits "contradicted the Red Notice." *Id.* at 5. Furthermore, Judge Fitting did not require the DHS attorney to "support his statements or arguments regarding Petitioner's criminal affiliation with any actual evidence[.]" *Id.* at 12. Petitioner seeks immediate release, an order enjoining "Respondents from re-detaining [him] unless his re-detention is ordered at a custody hearing before a neutral arbiter in which he is determined to be a flight risk or danger to the community," or, alternatively, that he "be released on a bond of $1500" or "be afforded a new bond hearing . . . that complies with governing law and due process[.]" *Id.* at 21. In their "Statement of Non-Opposition," Respondents aver that "[s]ufficient evidence to rebut the claims in the Petition for Writ of Habeas Corpus (Dkt. No. 4) was not provided to the undersigned counsel" and they therefore "are unable to oppose the relief requested." Dkt. No. 7 at 1.

Pursuant to the principle of party presentation, courts "rely on the parties to frame the issues for decision[.]" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). In other words, "our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). Because Respondents have not rebutted Petitioner's contention that Judge Fitting failed to afford him a constitutionally adequate bond hearing and that the evidence she relied upon at that hearing and in her Bond Memorandum is unsubstantiated, the Court concludes that Respondents have failed to carry their burden to show why a writ of habeas corpus should not be granted.

However, Petitioner still bears the burden of demonstrating to the Court that a permanent injunction barring his re-detention is warranted. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir.

2003) ("In seeking a permanent injunction, the moving party must convince the court that relief is needed: 'The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.'" (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 633 (1953)). Nowhere in Petitioner's petition does he allege that re-detention is likely if he were to be released. Without argument or evidence that his re-detention is likely to occur, Petitioner's request constitutes nothing more than a "mere possibility" of harm that does not entitle him to relief. *Id.* For these reasons, the Court denies his request for injunctive relief.

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus, Dkt. No. 4, is GRANTED IN PART and DENIED IN PART, and the Court ORDERS as follows:

1. Respondents shall immediately release Petitioner from custody and return his property to him within 24 hours under terms consistent with 1226(a);
2. Respondents shall file a Joint Status Report by November 25, 2026, confirming that Petitioner has been released.

Dated this 23rd day of November, 2026.

Lauren King
United States District Judge